**Paul COPP, Plaintiff–Appellant,**

v.

**State of CONNECTICUT, et al., Defendants–Appellees.***

**No. 07–1154–cv.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

■

* The Clerk of Court is directed to amend the official caption in this case to conform to the

Paul Copp, Wethersfield, CT, pro se.

listing of the parties above.

Darren P. Cunningham, Assistant Attorney General (Richard Blumenthal, Attorney General of the State of Connecticut, on the brief), Office of the Attorney General of the State of Connecticut, Hartford, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, EDWARD R. KORMAN, District Judge.**

### SUMMARY ORDER

Plaintiff Paul Copp sued the State of Connecticut and various state officers and agencies for libel and slander. At a settlement conference held on May 25, 2006 before Magistrate Judge Donna Martinez, the parties agreed on the following terms of settlement: Copp would withdraw his lawsuit with prejudice, principally in exchange for a payment of $2500 and an announcement at a "Safety Meeting" at the Connecticut Department of Veterans' Affairs Home & Hospital (the "Hospital") that the lawsuit had been settled. Following the settlement conference, Copp refused to sign a written settlement agreement, which was prepared by the State and which purported to memorialize the terms of the parties' oral agreement. Pursuant to a local rule governing closing papers on settlement agreements, judgment was entered dismissing the complaint on July 28, 2006 because the closing papers remained unsigned for 30 days after the oral agreement. *See* District of Connecticut Local Rule 41(b) ("When counsel of record report to the Court that a civil action pending on its docket has been settled between the parties and no closing papers are filed within thirty (30) days thereafter, the Clerk shall enter an order

** The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

of dismissal. Said dismissal shall be without costs and without prejudice to the right of any of the parties thereto to move within thirty (30) days thereafter to reopen if settlement has not, in fact, been consummated."). Plaintiff moved to reopen the case on August 8, 2006.

After reviewing written submissions by the parties, Magistrate Judge Martinez held an evidentiary hearing on January 25, 2007 to discover Copp's reasons for not signing the settlement agreement, which were not adequately explained in his papers. At the hearing, Copp explained that the settlement agreement was inaccurate because the parties had agreed that the announcement of their settlement would be promulgated more widely than at a safety meeting. Although Magistrate Judge Martinez explained to Copp that he carried the burden of proof, Copp did not call any witnesses or present any evidence. The State called a former Assistant Attorney General who represented the State at the May 24, 2006 settlement conference, who testified that the written agreement accurately stated the terms agreed to at the settlement conference. The state also stipulated that it was prepared to honor the original terms of the settlement agreement.

On February 13, 2007, Magistrate Judge Martinez filed her findings and recommendations that the settlement agreement was valid, that the motion to reopen should be denied, and that the terms of the settlement agreement should be enforced. The District Court adopted these findings and recommendations on March 13, 2007.

In reviewing a district court's decision whether to enforce a settlement agreement, we review conclusions of law de novo and findings of fact for clear error. See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 322 (2d Cir.1997). Motions for post-judgment relief, such as the in-

stant "motion to reopen," are governed by Rule 60(b) of the Federal Rules of Civil Procedure. We review the denial of a Rule 60(b) motion for abuse of discretion. See, e.g., Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008), cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (citations and internal quotation marks omitted)).

Based on the record before us, we find no basis to vacate either the July 28, 2006 Judgment or the March 13, 2007 Order. At the January 25, 2007 hearing, Copp conceded that the only basis for challenging the settlement agreement reached at the May 26, 2006 conference is his own assertion that the State had agreed to a more public announcement of the settlement. This is insufficient to constitute legal error or to overcome the Magistrate Judge's factual findings, which were adopted by the District Court.

We also reject plaintiff's argument that Magistrate Judge Martinez should have recused herself from deciding plaintiff's motion to reopen because of her involvement in the underlying settlement negotiations. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 448 (2d Cir.2005) (reviewing a judge's recusal decision for abuse of discretion and concluding that, where "the magistrate judge's knowledge of [a] [s]ettlement [a]greement arose solely from [a] judicial duty to oversee the settlement conference ... [the] knowledge was not extrajudicial, [and] it was not an abuse of ... discretion to decline [a request for] recus[al]").

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the July 28, 2006 Judgment dismissing the

case and the March 13,2007 Order denying plaintiff's motion to reopen.